IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JAICOURRIE DeWAYNE FINLEY, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0113 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION TO**
**DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody purportedly challenging two prison disciplinary proceedings. Petitioner appears to be presently incarcerated pursuant to a 1999 conviction for harassment by persons in a correctional facility out of Washington County, Texas and a 2004 conviction for theft out of Harris County, Texas.[1] In his habeas corpus petition, petitioner contended he lost previously earned good-time credits as a result of prison disciplinary proceedings that took place at the Clements Unit in Potter County, Texas. Petitioner remains incarcerated at the Clements Unit. For the reasons hereinafter expressed, the undersigned United States Magistrate Judge if of the opinion respondent's Motion to Dismiss should be GRANTED and petitioner's application for federal habeas corpus relief should be DISMISSED.

---

[1] This information was obtained from the online Offender Information Detail database maintained by the Texas Department of Criminal Justice (TDCJ) and Exhibit A of *Respondent's Motion to Dismiss with Brief in Support*.

I.
BACKGROUND

On May 8, 2010, petitioner filed the instant petition. By that petition, he represented he was found guilty, in two disciplinary proceedings, of "filing too many grievances." He stated the dates of the determinations were December 10, 2009 and April 6, 2010; step 1 grievances were both denied on April 7, 2010; step 2 grievances were both denied on April 8, 2010. "Filing too many grievances" is not an offense for which a disciplinary case can be written under the TDCJ policy. *See Disciplinary Rules and Procedures for Offenders*, published by the Texas Department of Criminal Justice, § XIV, "TDCJ Disciplinary Offenses," pgs. 23-33 (revised Jan. 2005). Additionally, a one-day turnaround between a step 1 and step 2 grievance seemed unlikely. Concerned with whether petitioner had received discipline pursuant to actual disciplinary proceedings, this Court issued a briefing order asking petitioner to inform the Court of the disciplinary case numbers of the cases he sought to challenge.

Over a month after the briefing order issued, petitioner had not complied and had not given the Court the disciplinary case numbers. Therefore, a Report and Recommendation to dismiss issued. In his objections to that Report and Recommendation, petitioner provided two disciplinary case numbers: 20091210CLAR and 20100406ADAM. The Court withdrew its Report and Recommendation and issued an Order to Show Cause. In response, respondent filed a Motion to Dismiss based on petitioner's failure to challenge valid disciplinary cases.[2]

---

[2] Respondent's Motion to Dismiss states petitioner challenges disciplinary cause number IOC DECISION 1/VERBAL DIRECTIVE 1, which was what petitioner originally wrote in the "Disciplinary Case Number" section of the habeas corpus petition form. Respondent fails to mention the case numbers presented in the objections. The merits of respondent's contention, i.e. petitioner has failed to challenge actual disciplinary proceedings because TDCJ employs a completely numerical numbering system in its disciplinary cases, appear applicable to this case regardless of the case numbers referenced by respondent. To be certain, however, the Court has also issued an Order in this case directing respondent to verify 20091210CLAR and 20100406ADAM are not valid case numbers.

## II.
## NO ACTUAL DISCIPLINARY CASES EXIST

An actual controversy must exist at all stages of litigation in order for a case to be brought in federal court. *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). If a petitioner does not challenge an actual disciplinary proceeding, the interests habeas corpus was created to serve are not implicated. *See Wolff v. McDonnell*, 148 U.S. 539, 558, 94 S.Ct. 2963, 2976, 41 L.Ed.2d 935 (1974). Beyond the question of the existence of an actual case or controversy, however, in this case there is a concern petitioner may be abusing the writ of habeas corpus by intentionally misrepresenting material facts to a federal court in a habeas corpus petition. Even though *pro se* petitioners are afforded an extra degree of latitude not normally provided attorneys, a court need not tolerate abuse of the litigation process by a petitioner. Basing habeas corpus pleadings upon falsities constitutes such an abuse. *See McCleskey v. Zant*, 499 U.S. 467, 496, 111 S.Ct. 1454, 1471, 113 L.Ed.2d 517 (1991) (establishing federal habeas corpus courts need not tolerate clearly abusive habeas corpus petitions); *Rose v. Lundy*, 455 U.S. 509, 521 n. 13, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("Nothing in the traditions of habeas corpus requires the federal courts to . . . entertain collateral proceedings whose only purpose is to vex, harass, or delay.").

In this case, petitioner has wasted valuable resources of both the federal judiciary and the state attorney general by bringing a habeas corpus petition based on what appears to be invented disciplinary case numbers. Petitioner contends he lost good-time credit as a result of TDCJ disciplinary proceedings 20091210CLAR and 20100406ADAM. The affidavit of a TDCJ representative confirmed what this Court originally suspected. Not only are the case numbers provided by petitioner false, TDCJ uses a totally numerical number identification system for all of its disciplinary cases. (*See Respondent's Motion to Dismiss with Brief in Support*, Exhibit B). The

numbers petitioner provided are not even in the same format as those used by TDCJ.

Petitioner has based this (and several other) habeas corpus petitions upon disciplinary cases that never occurred. Because an actual controversy does not appear to exist, this case should be DISMISSED. *See Cook*, 592 F.2d at 249. Additionally, petitioner should be cautioned that any future habeas corpus petition not based on an actual disciplinary case will not be tolerated. *See McCleskey*, 499 U.S. at 496, 111 S.Ct. at 1474. Should petitioner continue to file meritless petitions, the Court may impose sanctions upon him which would require him to pay a fee before the Court would consider any habeas corpus petition from him or which could bar him from future federal court filings.

### III. RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Motion to Dismiss filed by respondent be GRANTED and the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner JAICOURRIE DEWAYNE FINLEY be DISMISSED.

### IV. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 30th day of September, 2010.

*[signature]*
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).